FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JUN 0 7 2016

SEAN F. McAVOY, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 2:16-CR-00032-WFN |
| vs. | |
| CASSANDRA LYNN LARSON, | Preliminary Order of Forfeiture |
| Defendant. | |

IT IS HEREBY ORDERED THAT:

As the result of the guilty plea to the Indictment for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant, CASSANDRA LYNN LARSON, shall forfeit to the United States any and all firearms and ammunition facilitating or involved in the comission of the offense, Felon in Possession of a Firearm and Ammunition.

The Court has determined based upon the Defendant's plea and plea agreement that the assets listed herein are subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and that the Government has established the requisite nexus between such assets and such offense:

FIREARMS/AMMUNITION

1) a Bryco Arms, model 25, .25 Auto caliber pistol bearing serial number 294224;

Preliminary Order of Forfeiture    1
Larson PoF.docx

2) 34 rounds of R-P, .25 caliber auto ammunition; and

3) 2 rounds CCI NR .25 caliber auto ammunition

Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above-listed assets subject to forfeiture, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with 21 U.S.C. § 853, as incorporated by 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(3).

Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

Pursuant to 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the United States will post notice of this order on the official government internet site (www.forfeiture.gov) for at least 30 consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for posted internet notice as to those persons so notified.

Any person, other than the above-named Defendant, asserting a legal interest in the above-listed property may, within thirty (30) days of the final posting of notice, or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the above-listed property, and for an amendment of the order of forfeiture, pursuant to Fed. R. Crim. P. 32.2(6) and 21 U.S.C. § 853(n), as incorporated by 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

Any petition filed by a third party asserting an interest in the above-listed property shall be signed by the petitioner under penalty of perjury and shall set

forth the nature and extent of the petitioner's right, title, or interest in said property, the time and circumstances of the petitioner's acquisition of the right, title or interest in said property, and any additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the above-listed property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided 21 U.S.C. § 853(n)(2), as incorporated by 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), for the filing of third party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order of Forfeiture is final as to the Defendant at the time of sentencing, and is made part of the sentence and included in the judgment.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED this 7th day of June, 2016.

_____
Wm. Fremming Nielsen
Senior United States District Judge

Preliminary Order of Forfeiture      3
Larson PoF.docx